IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CAL DODD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-5095-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Cal Dodd in a decision dated April 7, 2011 (Tr. 10-22). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff argues that substantial evidence does not support the ALJ's analysis of the claimant's alcohol abuse; the ALJ's determination of the claimant's residual functional capacity (RFC); and the ALJ's reliance on the medical-vocational guidelines to determine that jobs existed in the national economy that the claimant could perform (Doc. 9). The Court has thoroughly reviewed the claimant's medical records, the opinion evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based upon substantial evidence on the record as a whole.

The ALJ first determined that the claimant's severe impairments met the listings for

affective disorder (12.04); personality disorder (12.08); and substance addiction (12.09). The ALJ then considered whether the claimant's severe impairments would remain if he stopped abusing alcohol. He concluded the claimant's alleged physical impairments would continue to be severe, but his mental impairments would be non-severe absent alcohol abuse. *See* 20 C.F.R. § 404.1535; *Kluesner v. Astrue*, 607 F.3d 533 (8th Cir. 2010); *Brueggemann v. Barnhart*, 348 F.3d 689 (8th Cir. 2003). Each of these decisions was based upon substantial evidence on the record as a whole. The claimant argues that the record contains little to no evidence of the claimant's impairments during periods of sobriety, making the ALJ's determination flawed. The undersigned rejects this argument. The Eighth Circuit has recognized that when a claimant is actively abusing alcohol, the ALJ's determination of the claimant's limitations absent abuse "will necessarily be hypothetical and therefore more difficult than the same task when the claimant has stopped." *Id.* at 695; *Talley v. Barnhart*, 113 F.App'x 185 (8th Cir. 2004) (per curiam) (acknowledging that ALJ's assessment is permissibly speculative). Furthermore, the burden remains with the claimant to demonstrate disabling impairments. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

The ALJ then evaluated the claimant's RFC, and determined that if he stopped abusing alcohol, the claimant would be capable of performing medium work with limitations on his exposure to hazards, unprotected heights, and dangerous machinery. In so finding, the ALJ properly explained the reasons for the weight given to the opinion evidence in the record, and he supported his determination that the claimant's statements were not fully credible by citing to inconsistencies between the claimant's subjective complaints and the medical and other evidence in the record. The ALJ then used the Medical-Vocational Guidelines to determine the claimant was not disabled. The Court agrees with the Commissioner that use of the grids to determine

3

that jobs exist in the national economy that the claimant was capable of performing was appropriate. Based upon review of the evidence of record, the Court finds substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: September 17, 2013**

                                           /s/ *David P. Rush*
                                           **DAVID P. RUSH**
                                           **United States Magistrate Judge**